# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

GUSTAVO ROLDAN,

    Plaintiff,

v.

THE ARCHDIOCESE OF MIAMI, INC.,
a Florida not-for-profit corporation,
ST. LOUIS COVENANT SCHOOL, an
unincorporated association, and
EDWARD GARCIA, an individual,

    Defendants.

_____/

## **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GUSTAVO ROLDAN ("Roldan"), by and through undersigned counsel, hereby files his Complaint against Defendants, THE ARCHDIOCESE OF MIAMI, INC. ("the Archdiocese"), ST. LOUIS COVENANT SCHOOL (the "School"), and EDWARD GARCIA ("Garcia"), and in support thereof states as follows:

## **INTRODUCTION**

1. Roldan brings this action against the Archdiocese, the School, and Garcia to recover damages and other relief pursuant to 29 U.S.C. § 215(A)(3) for retaliatory termination of his employment.

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in the Miami-Dade Division of the United States District Court

for the Southern District of Florida because all of the actions that form the basis of the Complaint occurred within Miami-Dade County, and Defendants all reside in Miami-Dade County.

**Parties**

4. Defendant, The Archdiocese of Miami, Inc., a/k/a the Roman Catholic Archdiocese of Miami (the "Archdiocese"), is headquartered in Miami, Florida, and is engaged in, among other things, the operation of several elementary and secondary private sectarian schools. Among the elementary and secondary schools operated by the Archdiocese is St. Louis Covenant School (the "School") located in Pinecrest, Florida.

5. Defendant, St. Louis Covenant School (the "School"), is an unincorporated association that operates a Catholic parochial elementary and secondary school located at 7270 SW 120th St., Pinecrest, Florida.

6. Defendant Eddie Garcia is the Principal and runs the day-to-day operations of the School. Garcia had supervisory authority over Roldan and was responsible for Roldan's termination.

7. Plaintiff, Gustavo Roldan, was employed as a school psychologist and was assigned to the School from August 2013 until his termination on January 27, 2017.

**COUNT I**
**RETALIATORY DISCHARGE PURSUANT TO 29 U.S.C. § 215(A)(3)**

8. Pursuant to 29 U.S.C. § 2019(s)(1)(B), the Archdiocese and the School are included within the definition of an enterprise engaged in commerce, notwithstanding their not-for-profit status, and are subject to the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Further, the Archdiocese and the School would be subject to the anti-retaliation provisions of 29 U.S.C. § 215 regardless of whether the School was subject to the FLSA's overtime or minimum wage provisions.

9. At all times material hereto, the Defendants were Roldan's "employer" as defined in 29 U.S.C. § 203(d). Specifically, the Archdiocese promulgates, reviews, and modifies policies of its Catholic schools, including the payroll practice complained of which resulted in Roldan's termination.

10. At all times material hereto, Roldan was an "employee" of Defendants within the meaning of the FLSA, and the work performed by Roldan was for the benefit of the Archdiocese and the School.

11. During his employment, Roldan received favorable performance evaluations, and he received no unfavorable performance evaluations.

12. Prior to his termination, Roldan was never disciplined for any work-related misconduct or substandard performance.

13. On several occasions, Roldan complained to his employer (Elena Alvarez, Payroll Supervisor; Julie Perdomo, Assistant Vice Principal; and Eddie Garcia, Principal) of the School's payroll practice of making deductions from the pay of overtime exempt salaried employees for partial day absences. It was represented to Mr. Roldan that this payroll practice was employed throughout the Diocese.

14. The payroll practice described in the preceding paragraph vitiates the overtime exemption for employees subject to that payroll practice. This in turn created the obligation to pay overtime to otherwise exempt employees who were subject to that policy and who work overtime. Nonetheless, the school failed, and continues to fail, to pay these employees overtime compensation.

15. In January 2017, Roldan registered a complaint with the United States Department of Labor ("DOL") about the above-described unlawful payment practice. The DOL

assigned Roldan's complaint Case No. 38040004.

16. Roldan informed his employer (Elena Alvarez, Payroll Supervisor; and Eddie Garcia, Principal) that he had registered the complaint with the DOL.

17. Roldan was fired shortly after School administrators learned that he had registered a complaint with the DOL.

18. The stated reasons for Roldan's termination were that (a) he had not updated Student Learning Plans (SLPs) for all students, and (b) he had failed to communicate his whereabouts when he would attend to his son during his son's hospitalization.

19. The stated reasons for Roldan's termination are pretextual.

20. A Student Learning Plan ("SLP") is a written plan prepared for students who have a diagnosed exceptionality and who may require some form of academic accommodation in the learning environment.

21. Roldan updated SLPs as needed or requested by teachers or other administrators, or when necessary to complete an application for a scholarship program. This was the policy that other school psychologists and counselors employed by the Archdiocese followed. This policy was reiterated at the mandatory yearly professional development meetings Roldan attended for school psychologist and counselors of the Archdiocese. Many of the psychologists and counsellors employed by the Archdiocese did not complete any SLPs.

22. The requirement that SLPs for all students be updated was imposed a few days prior to Roldan's termination and was not imposed on all or most other school psychologists employed by the Archdiocese at that time.

23. Other school psychologists employed by the Archdiocese who had not updated SLPs for all students were not terminated or otherwise disciplined.

24. Upon learning of the change in policy on January 24, and prior to his termination on January 27, Roldan updated the few SLP's that he had not already updated prior to then.

25. At all times, Roldan informed school personnel of his whereabouts and he was always reachable by telephone. Further, his son's hospitalization ended in November and was no longer an issue.

26. The stated reasons for Roldan's termination were fabricated and orchestrated to justify Roldan's dismissal.

27. The real reason that motivated Eddie Garcia to terminate Roldan's employment was the filing of the complaint with the DOL.

28. Garcia's termination of Roldan's was in violation of 29 U.S.C. § 215(A)(3), and as a direct result, Roldan has suffered damages.

WHEREFORE, Roldan respectfully requests that this Court:

a. Enter judgment against the Defendants for all back wages from the date of discharge to June 7, 2017, and an equal amount of back wages as liquidated damages;

b. Award Roldan compensatory damages in an amount to proven at trial;

c. Award Roldan reasonable attorney's fees and costs and expenses of this ligation;

d. pursuant to 29 U.S.C. § 216(b);

e. Award Pena post-judgment interest; and

f. Order any other and further relief this Court deems to be just and proper.

s/ Mark J. Beutler
Mark J. Beutler, Esq.
Florida Bar No. 0023400
Law Offices of Mark J. Beutler, P.A.
One Datran Center
9100 South Dadeland Blvd., Suite 1500
Miami FL 33156
Telephone: (786) 497-7710
Facsimile: (786-513-4651
E-mail: mjb@mjbpa.com
*Attorney for Plaintiff*